IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CYNTHIA BENNETT and<br>AMANDA MEADS,<br>  Plaintiffs,<br>v.<br>LUIGI'S ITALIAN RESTAURANT and<br>GIANNI TOPALLI,<br>  Defendants | Case No. 6:18-cv-01295 |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs Cynthia Bennett and Amanda Meads' Motion for Entry of Default Judgment. (Dkt. 11). Plaintiffs request a default as to all defendants pursuant to Federal Rule of Civil Procedure 55(b). In support of their motion, plaintiffs and their counsel have each submitted a Declaration reiterating certain allegations of the Complaint and declaring the amount of damages suffered.

Under Rule 55(a), entry of default is proper "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(b)(1) then provides for entry of default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." "In all other cases, the party must apply to the court for a default judgment." Fed.R.Civ.P. 55(b)(2). Rule 55(b)(2) allows the court to conduct a hearing when, to enter judgment, it needs to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.*

"'Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief.'" *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269, 1274 (D. Kan. 2016) (quoting *DeMarsh v. Tornado Innovations, L.P.*, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2688 (3d ed. 1998)). *See also* Fed.R.Civ.P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Although the factual allegations of the complaint may be accepted as true, the allegations regarding damages are not. *DeMarsh*, 2009 WL 3720180, at *2. "Damages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or demonstration by detailed affidavits establishing the necessary facts." *Mathiason*, 187 F.Supp.3d at 1275 (internal quotation marks and citations omitted). A trial court has broad discretion to decide whether to enter default judgment. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

The court recognizes that defendants Luigi's Italian Restaurant a/k/a Gianni LLC and Gianni Topalli failed to appear, plead or otherwise defend this action. As a result, a Clerk's Entry of Default was properly entered on May 30, 2019 (Dkt. 12). Pursuant to that default, the court will accept as true all factual allegations in the Complaint. The court's inquiry does not stop there, as it is still obligated to determine whether the facts establish a basis for entry of judgment and whether the damages claimed are supported by the record. *See Mathiason*, 187 F.Supp.3d at 1274 ("[e]ven after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a

judgment since a party in default does not admit conclusions of law.") (internal quotations and citations omitted).

The Complaint indicates the action is brought pursuant to Title VII of the Civil Rights Act, as amended, the Fair Labor Standards Act, the Kansas Act Against Discrimination, and the Kansas Wage Payment Act. (Dkt. 1, at 2). Only three specific claims for damages are listed, however: a claim for sexual harassment in violation of Title VII of the Civil Rights Act (Dkt. 1, at 4-5); a claim for retaliation in violation of Title VII of the Civil Rights Act (Dkt. 1, at 5), and a claim for violation of the Fair Labor Standards Act (Dkt. 1, at 5-6). With respect to the Title VII claims of sexual harassment and retaliation, the Complaint alleges that defendants' conduct "directly and proximately caused [plaintiffs] to suffer damages including but not limited to mental anguish and lost past and future earnings in an amount to be proven at trial. These damages are continuing. Based on Defendants (sic) conduct, punitive damages are appropriate and should be awarded." (Dkt. 1, at 4, 5). With respect to the FLSA claims, the Complaint alleges that defendants' conduct "directly and proximately caused [plaintiffs] to suffer damage including but not limited to unpaid compensation, punitive damages, penalties, attorney fees and expenses." (Dkt. 7).

Plaintiffs here have not limited their request to default judgment to the factual allegations of the pleadings. Instead, plaintiffs request a specific award of $64,000, encompassing $27,000 in damages to each plaintiff and a $10,000 award of attorney fees. Those amounts appear for the first time in the plaintiffs' Declarations and the Declaration of their counsel submitted with their motion. A court may not generally enter default

judgment without a hearing unless the damages claimed are a liquidated sum or a sum capable of mathematical calculation. *See Veneble v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

While plaintiffs' claims for unpaid compensation and lost past and future earnings may well be capable of mathematical calculation, plaintiffs' Declarations do not provide any basis for that calculation. Instead, both plaintiffs make identical conclusory statements that "[a]s a result of the sexual harassment and retaliation by Luigi's Italian Restaurant and Gianni Topalli, which is referenced in this lawsuit, I suffered damages totaling $25,000.00 for front pay, back pay, and emotional distress." (Dkt. 11-1, at 1; Dkt. 11-2, at 1). Plaintiffs also submit nearly identical conclusory statements in support of their claim for unpaid wages, in which each plaintiff *estimates* that she lost $2,000.00. (Dkt. 11-1, at 1; Dkt. 11-2, at 1). Plaintiffs have not submitted any past pay stubs, any proof of hours they typically worked or the wage they were paid, any copies of checks they claim were dishonored, or any other information from which the court could determine the amount of damages actually suffered. Moreover, plaintiffs have failed to offer any evidence other than their own estimates from which the court could determine the value of their emotional distress claims. The court declines to award any specific dollar amount of damages to plaintiffs based on personal estimates and unsubstantiated assertions.

The court further declines to award attorney fees or costs based upon the Declaration of counsel provided. Plaintiffs' counsel indicates the attorney fee award is sought relative to plaintiffs' Fair Labor Standards Act claim. While plaintiffs may be entitled to an award of fees as the prevailing parties on a claim under that Act, entry of

default does not relieve the court of its obligation to determine whether plaintiffs' fee request is "reasonable." *See Ross v. Jenkins*, 325 F.Supp.3d 1141, 1178 (D. Kan. 2018). Plaintiffs have the burden to prove the number of attorney hours spent on the case and appropriate hourly rate. *Id.* (citing *United Phosphorus, Ltd. v. Midland Fumigant, Ind.*, 205 F.3d 1219, 1233 (10th Cir. 2000)). The number of hours spent multiplied by the appropriate hourly rate becomes the "lodestar" figure, which the court can then adjust upwards or downwards based upon different factors. *Id.* at 1179. Here, plaintiffs' counsel has not provided the court with any information from which it can properly calculate the lodestar figure, much less determine whether any upward or downward departures are necessary. A conclusory statement that $10,000 in fees were incurred in pursuing a default judgment on an FLSA claim is insufficient to support a fee award under this court's precedent.

While the court finds defendants in default and accepts as true the allegations of plaintiffs' Complaint (Dkt. 1), the court declines to enter the default judgment plaintiffs have requested. Because the damages at issue are not a sum certain or capable of easy computation, and because plaintiffs have requested an award of attorney fees that requires further consideration, the court will set this matter for an evidentiary hearing to allow plaintiffs to prove their damages.

IT IS THEREFORE ORDERED that plaintiffs shall appear at an evidentiary hearing to assist in the court's determination of their entitlement to damages. The court's ruling on plaintiffs' Motion for Entry of Default Judgment (Dkt. 11) will be held under

advisement until the conclusion of that hearing. The matter will be set for evidentiary hearing by separate order.

IT IS SO ORDERED.

Dated this 17th day of June, 2019.

s/ J. Thomas Marten<br>
The Honorable J. Thomas Marten<br>
United States District Court